## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN SCHUTTER,<br>                    Plaintiff,<br>     v.<br><br>DAVID HERSKOWITZ, *et al.,*<br>                    Defendants. | NO.  2:07-cv-03823-AB |

### **ORDER**

Upon consideration of the Plaintiff's Motion in Limine to Disqualify Frank J. Marcone as Trial Counsel for Defendant Banks, any opposition thereto, upon the record of this case and for good cause shown, it is hereby

ORDERED that the Motion is GRANTED, and it is further ORDERED

1. Frank J. Marcone is hereby enjoined and prohibited from appearing as trial counsel in the instant proceedings, or otherwise representing Defendant Banks in any capacity where is may appear to the jury or to the Court that he is functioning as legal counsel as opposed to trial witness in the matter.

2. Nothing in this Order shall prohibit Attorney Marcone from representing Defendant Banks in any written submissions to the Court in this matter, in any proceedings or motions not evidentiary in nature and not before the jury or in the context of trial proceedings, nor in any other capacity not specifically prohibited by this Oder and for which he is otherwise legally permitted to act as legal counsel for Defendant Banks.

                                        BY THE COURT:


                                        _____
Dated: _____                              J

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN SCHUTTER,<br>            Plaintiff,<br>   v.<br><br>DAVID HERSKOWITZ, *et al.*,<br>            Defendants. | NO. 2:07-cv-03823-AB |

**PLAINTIFF'S MOTION IN LIMINE TO DISQUALIFY FRANK J. MARCONE
AS TRIAL COUNSEL FOR DEFENDANT BANKS**

Now Comes Plaintiff Stephen Schutter, and Moves this Honorable Court for an Order disqualifying Frank Marcone, counsel for Defendant Philip Banks, from appearing in this matter and representing Defendant Banks as trial counsel during the upcoming trial proceedings.

In support of this Motion, Plaintiff states as follows:

1.   Defendant Herskowitz has filed a similar Motion to Disqualify attorney Banks from serving as trial counsel (Docket # 58), which Motion and Points and Authorities are adopted by Plaintiff and incorporated herein by reference.

2.   Attorney Marcone has identified himself as a fact witness in the instant litigation in response to Defendant Herskowitz' Interrogatory No. 9.

3.   In addition to the arguments, points and authorities set forth by Defendant Herskowitz in his Motion to Disqualify, Plaintiff notes that Attorney Marcone, in an invoice dated January 26, 2006, and produced in discovery by Plaintiff Schutter as

2

document #0031, demanded payment in the amount of $600.00 for "Preparation of Release of obligations under the Agreement of Sale" and "Preparation of Release of Agency obligations and distribution of escrow funds."

    4.    Neither of these tasks are ones that, as a disbarred Pennsylvania attorney, Attorney Marcone could have legally prepared much less charged for.  Claim for payment under this invoice apparently is included in the claims and affirmative defenses of Defendant Banks, and evidence as to its import, legitimacy and origin can only be established at trial through examination (and, as may be required, by Plaintiff on cross-examination) of its author and putative source, Attorney Marcone.  Attorney Marcone is the only person identified by Defendant Banks who could possibly have personal knowledge as to either the legal work allegedly performed that are included in Defendant Banks' claims and defenses, or the invoice itself and the methodology for its calculation and preparation.

    5.    Pennsylvania Rule of Professional Conduct Rule 3.7 "Lawyer as Witness" states in part: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."   None of the exceptions to the rule apply in the instant case.

WHEREFORE, Plaintiff prays for an Order of this Court disqualifying and prohibiting Frank J. Marcone from representing Defendant Banks at trial in this matter, based upon his dual role as self-identified factual witness and putative trial advocate in the case.

                                            HALBERSTADT CURLEY, LLC

By: /s Kelle A. Kilgarriff
Charles V. Curley
Kelle A. Kilgarriff
HALBERSTADT CURLEY LLC
1100 East Hector Street
Suite 425
Conshohocken, PA 19428
610.834.8819 (ph)
610.834.8813 (fx)

Dated: March 17, 2008                *Attorneys for Plaintiff*

James M. Loots
JAMES M. LOOTS, P.C.
236 Massachusetts Ave., NE #204
Washington, DC 20002
202-536-5650 (ph)
202-315-3515 (fax)
*Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Motion in Limine to Disqualify Frank Marcone as Trial Counsel for Defendant Banks was filed electronically and is available for viewing and downloading from the ECF system. In accordance with the Electronic Case Filing Procedures adopted by the Eastern District of Pennsylvania, on March 17, 2008, the following counsel has been served electronically through the ECF system:

Frank J. Marcone, Esquire
Law Offices of Frank J. Marcone
2530 North Providence Road
Upper Providence, PA 19063
*Attorney for Defendant Banks*

Jay M. Herskowitz, Esquire
181 Cypress Court
Marlton, NJ 08053
*Attorney for Defendant Herskowitz*

/s/ Kelle A. Kilgarriff
Charles V. Curley
Kelle A. Kilgarriff
1100 E. Hector Street, Suite 425
Conshohocken, PA 19428
610 834 8819
610 834 8813 (fax)
Attorneys for Plaintiff