IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN SCHUTTER | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | NO. 07-3823 |
| DAVID HERSKOWITZ, and PHILIP BANKS | : | |
| Defendants | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE                                                                           May      13, 2008
UNITED STATES MAGISTRATE JUDGE

**I.     Introduction**

Plaintiff Stephen Schutter (alternatively "Schutter" or "Plaintiff") brought this action against Defendants David Herskowitz ("Herskowitz") and Philip Banks ("Banks"). The matter arose out of a prospective purchase by Plaintiff of a youth hostel owned by Herskowitz and located at 32 South Bank Street in Philadelphia. Banks was engaged by Plaintiff to represent him in the purchase of the property, the drafting of the Agreement of Sale (the "Agreement") and "such other professional services as shall be necessary attendant to the above transaction." (See, e.g., Doc. 61, Ex. E). When a dispute arose over whether the hostel was licensed for only 54 beds as opposed to the 70 that he had thought were permitted, Schutter sought to withdraw from the Agreement. Herskowitz did not object and signed a Release prepared by Banks. (*See, e.g.,* Doc 61, Ex. H). Banks, who as escrow agent was holding Schutter's $100,000 deposit, however, refused to return it, asserting a lien for services performed and not paid for. This suit followed.

The complaint was originally filed in the United States District Court for the District of

Columbia, but on July 5, 2007 was transferred to this District pursuant to 18 U.S.C. 1404(a) and (c). It was assigned to the Honorable Anita B. Brody. On November 20, 2007, Banks filed an Answer to Plaintiff's complaint and a counter-claim asserting claims for services rendered, attorneys fees, libel and slander, and for punitive damages. (Doc. 10).

After a conference with counsel, Judge Brody signed a scheduling order on November 29, 2007 which specified that discovery was to be completed by February 18, 2008 and that any dispositive motions were to be filed by March 3, 2008. (Doc. 11). Herskowitz promptly initiated discovery but apparently encountered difficulty in obtaining responses from Banks. On January 16, 2008, he filed a motion to compel. (Doc. 19). On February 6, 2008, Judge Brody issued an Order to both parties to show cause as to why the motion to compel discovery should not be granted. (Doc. 24). Banks failed to respond and on February 25, 2008, a week after discovery had closed, Judge Brody granted the motion and ordered Banks to comply with the discovery requests. (Doc. 28). Banks then responded and provided answers to the requests on February 27, 2008. Herskowitz, however, found the answers to be unsatisfactory and, in a letter dated February 29, 2008, notified counsel for Banks of claimed deficiencies. On March 10, 2008, having not received a response from Banks, Herskowitz filed a "Motion for Sanctions for Failure to Comply With Discovery Order." (Doc. 47). Banks has failed to respond to this motion. It is ripe for resolution.

Plaintiff likewise encountered difficulty in obtaining responses to its discovery requests of Banks. We resolved Plaintiff's "Motion to Compel Responses to Discovery Requests and Grant Sanctions" (Doc. 44) with the entry of our Order of May 7, 2008 (Doc. 81).

Banks filed his own requests for discovery directed to both Herskowitz and Plaintiff.

Unfortunately they were filed after the expiration of the February 18, 2008 discovery deadline.[1] On April 8, 2008, nearly three months after the time for discovery had passed, Banks filed a "Motion Seeking Extension of Discovery Period and Time to File Dispositive Motions." (Doc. 73). Both Plaintiff and Herskowitz filed responses arguing that the motion should be denied. (Doc. 77, 78). That motion is also ripe for resolution.

On April 17, 2008, the parties consented to Magistrate Judge jurisdiction and the matter was transferred to this court. (Doc. 75). We accordingly retain jurisdiction over all outstanding motions. We address in this memorandum Herskowitz's motion for sanctions (Doc. 47) and Banks's motion for extension of deadlines (Doc. 73).

## II.   Herskowitz's "Motion for Sanctions for Failure to Comply With Discovery Order"

On February 25, 2008, Judge Brody ordered Banks to respond to Herskowitz's discovery requests. (Doc. 28). Banks did so on February 27, 2008. Herskowitz, however, found the answers to be unsatisfactory and on February 29, 2008 appropriately notified Banks's counsel. (Doc. 47 at 3). Having received no response by March 10, 2008, he filed a "Motion for Sanctions for Failure to Comply With [Judge Brody's] Discovery Order." (Doc. 47). Herskowitz argues that he is entitled to sanctions pursuant to Fed.R.Civ.P. 37(b)(2), and that the sanctions should include an order for Banks to pay attorney fees for 3.5 hours spent drafting and filing the motion.

In support of his motion, Herskowitz points to a number of allegedly deficient Interrogatory

---

[1] Although the parties are unable to agree upon the exact date of Banks's requests, both Banks and Plaintiff agree that they were served after the deadline. Plaintiff asserts that the requests were served on February 27, 2008 (*see* Doc. 44 at 3), while Defendant asserts that they were served on February 22, 2008 (*see* Doc. 73 at 4).

3

responses.[2] He first argues that the responses to Interrogatories 1 and 2, which requested a list of all communications between the parties or their agents, or with anyone else, relative to the subject of the lawsuit, were deficient. (Doc. 47 at 2). Upon independent review, however, we find that the responses to these interrogatories were quite detailed, and indeed set out numerous communications that apparently took place. We thus find this argument to possess little merit.

Herskowitz next argues that the responses to Interrogatories 5, 6, and 8 as deficient. (Doc. 47 at 2). Interrogatories 5 and 6 generally requested an itemization of time, services and method by which the value of compensation is calculated. Banks responded by stating only that "[t]he records regarding time have been misplaced when the residence of Banks moved to his present address [sic]. The time is being reconstructed."

While this excuse may have been understandable at the time, there is no apparent reason to explain why, more than two months after that response, Banks has yet to "re-construct" the time spent which he argues he should be compensated for. In addition, he failed entirely to respond to these interrogatories to the extent that they sought specification of the services rendered and the hourly charge for such services. A more detailed response is required. We likewise agree with Herskowitz that a more detailed response is required for Interrogatory 8, which seeks an itemization of specific instances of damage claimed and the value of such claims. We note that Banks has asserted various claims for damages, including claims for libel and slander. (*See* Doc 10). He must relate how and to what extent he has been damaged.

Herskowitz next argues that the response to Interrogatory 7 is deficient. (Doc. 47 at 3). We

---

[2] Herskowitz attached to his motion a copy of the Interrogatories and document requests, along with Banks's responses.

disagree. We find that "yes" is sufficiently responsive to the question of whether the compensation sought is consistent with fair market value. We also find that Banks's reliance upon his experience is responsive to the question of why he believes the amount to be consistent with the fair market value. We find his non-responsive answer, however, to Interrogatory 10, which seeks evidence of criminal convictions of any persons identified by Banks as witnesses, to be deficient. (Doc. 47 at 3). With an appropriate temporal context, a response is required. Banks is referred to Fed.R.Evid. 609.

We likewise find no apparent reason for Banks's failure to produce the documents requested in Document Request 2, which pertains to documents relating to any professional complaints filed against Banks. (*See* Doc. 47 at 2). We find Banks's failure to respond inexplicable given the specific allegations in his counter-claims regarding false accusation, slander and libel based upon the Pennsylvania Real Estate Commission undertaking an investigation into him, allegedly as a result of Schutter's complaints. Any documents relating to this investigation must be provided. Additionally, Herskowitz seeks documents pertaining to any other professional complaints and, in that we have received no response from Banks and he has not filed any motions for protective order, we have no reason to believe they are not discoverable. We note specifically that such information, at the very least, could plausibly lead to the discovery of prior acts or wrongs which could be admissible under Fed.R.Evid. 404(b), 405(b), or 608(b). Accordingly, we find that with a temporal context these documents could be discoverable and that any documents pertaining to any professional complaints field against Banks within ten (10) years prior to the date on which Schutter

retained Banks's services should be produced.³

Finally, Herskowitz properly notes that the interrogatory responses were not signed by Banks's attorney as required by Fed.R.Civ.P. 26(g)(1). (Doc. 47 at 1). Banks has inexplicably failed to offer any justification whatsoever to excuse his failure to properly comply with the discovery requests or any argument as to why his responses were not insufficient or non-compliant. Fed.R.Civ.P. 26(g)(2) obligates us to strike any response where no attorney signature was supplied to accompany it "after the omission is called to the attorney's . . . attention." We "must strike it." Fed.R.Civ.P. 26(g)(2). We shall do so.

Banks likewise provides no explanation as to why he should not be held accountable for the reasonable costs which Herskowitz has incurred in attempting to resolve this issue. Herskowitz asserts that he spent 3.5 hours in drafting and filing this motion. Additionally, Herskowitz has filed a fee certification with this Court, which asserts that he is entitled to an hourly fee of $225. (Doc. 84). We find both the time and hourly fee to be reasonable and that Herskowitz is thus entitled to payment of attorney fees of $787.50 from Banks under Fed.R.Civ.P. 37(b)(2)(C).⁴

In that this is the first round of sanctions imposed upon Banks by this Court, however, we do not find the harsher provisions of Fed.R.Civ.P. 37(b)(2)(A) to be appropriate at this point, although we note that should Banks fail to comply with this Court's orders in a satisfactory manner, these sanctions may well be imposed. Our order resolving this motion follows.

---

³ The precise date appears to be November 30, 2005, the date printed on the letter signed by Schutter authorizing Banks to represent him. (*See* Doc 61 Ex. E).

⁴ We reach $787.50 by multiplying 3.5 hours by the hourly fee of $225.

III.    Banks's "Motion Seeking Extension of Discovery Period and Time to File Dispositive Motions"

On April 8, 2008, Banks moved this Court for an extension of the court-imposed discovery period and the time in which to file dispositive motions. Banks offers in support of this motion that he was unable to act within Judge Brody's scheduling order due to: (a) attendance of a settlement conference before this Court on January 4, 2008[5] (Doc. 73 at 3-4); (b) dealing with numerous motions[6] which have been filed in the case which required his response – motions which, he argues, have been filed for the singular purpose of "delay[ing] the resolution of this matter and which initially appeared to have virtually nothing to do with the resolution of this matter" and which "have clearly delayed the progression of this case" and "require additional time to respond thereto" (Doc. 73 at 4 ¶ 17, 19); and (c) only about "one and one half months" have elapsed since the Answer and Counterclaim were filed and the case is thus "being rushed headlong to trial without discovery" (Doc. 73 at ¶ 18).

Plaintiff, joined by Herskowitz (*see* Doc. 78), on the other hand, argue that any blame for delay in this case falls squarely upon Banks himself. In support, Plaintiff points to an exhaustive laundry list of Banks's failures and to discovery requests, motions and Court Orders left unanswered by Banks including: (a) Banks's failure to timely serve discovery requests (Doc. 77 at 2 ¶ 1); (b) Banks's failure to respond to outstanding and overdue discovery requests from Herskowitz (Doc. 77 at 2-3 ¶ 2); (c) Banks's failure to respond to Herskowitz's motion to compel and Judge Brody's

---

[5] Banks asserts that a report was filed by this Court on February 11, 2008 informing Judge Brody that "no offer was tendered to settle the case" by either Plaintiff or Banks. (Doc. 73 at 4). This assertion is erroneous; no such report was ever filed.

[6] Banks erroneously asserts that there have been "almost 30 motions" filed in this case. By our count there have been 17.

7

subsequent Order to show cause (Doc. 77 at 3 ¶ 3-4); (d) Banks's filing of responses to Herskowitz's discovery requests which were unresponsive and failed to conform to the Federal Rules of Civil Procedure and his subsequent failure to correct these deficiencies once they were brought to his attention (Doc. 77 at 3 ¶ 5-6); (e) Banks's failure to respond to Herskowitz's "Motion for Sanctions for Failure to Comply With Discovery Order"(Doc. 77 at 4 ¶ 8); (f) Banks's failure to respond to outstanding and overdue discovery requests from Plaintiff (Doc. 77 at 4 ¶ 9-11); and (g) Banks's failure to respond to Plaintiff's motion to compel. (Doc. 77 at 4 ¶ 13).

We find that Banks's points, to the extent that they are even relevant to the need for an extension of time, do not entitle him to any such extension. We agree with Plaintiff that the record indicates, rather, that Banks has only himself to blame for any difficulties in the progress of discovery. In addition to failing to comply with various other Court-imposed deadlines, he was late in serving his own discovery requests, and was nearly three months late in filing a request for an extension of his own discovery deadline. This Court is not persuaded by this belated attempt to now point the finger at the other parties. We note additionally, that he has failed to provide us with any indication whatsoever regarding the information that he intends to seek in the course of discovery if given an extension of time. Under these circumstances Banks has failed to demonstrate why he is entitled to the relief requested. The motion is **DENIED**.

The parties are further advised to undertake obligations under Fed.R.Civ.P. 26(e) to update their Fed.R.Civ.P. 26(a) disclosures (including those referred to in Fed.R.Civ.P. 26(a)(3)) as well as all other discovery responses. It is the Court's intention to rigorously apply appropriate sanctions, including preclusion of evidence, for a failure to provide discovery in this matter. Counsel are further referred to the Court's scheduling order setting out pretrial requirements concerning the

identification of witnesses, a statement of the substance of the expected testimony of each witness, and an identification of the documents and exhibits to be offered in connection with that testimony.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN SCHUTTER | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | NO. 07-3823 |
| DAVID HERSKOWITZ, and PHILIP BANKS | : | |
| Defendants | : | |

### ORDER

AND NOW, this 13th day of May, 2008, upon consideration of Defendant David Herskowitz's "Motion for Sanctions for Failure to Comply With Discovery Order" against Defendant Phillip Banks dated March 10, 2008 (Doc. 47), and noting Defendant Banks's failure to respond to said motion, and upon consideration of Defendant Banks's "Motion Seeking Extension of Discovery Period and Time to File Dispositive Motions" (Doc. 73) and the responses thereto from Plaintiff Stephen Schutter (Doc. 77) and Defendant Herskowitz (Doc. 78), **IT IS HEREBY ORDERED THAT** Defendant Herskowitz's motion is **DENIED** in part and **GRANTED** in part as follows:

1. Defendant Banks shall serve Defendant Herskowitz with a new set of interrogatory responses, signed by an attorney of record and in compliance with Fed.R.Civ.P. 26(g)(1), on or before **Friday, May 23, 2008**. In this response:

    a. Defendant Banks shall provide a full and complete response to Interrogatory 5;

    b. Defendant Banks shall provide a full and complete response to Interrogatory 6;

    c. Defendant Banks shall provide a full and complete response to Interrogatory 8;

    d. Defendant Banks shall provide a full and complete response to Interrogatory 10;

  e. Defendant Banks shall provide all documents pertaining to Document Request 2;

  2. Defendant Banks shall pay to Defendant Herskowitz a reasonable attorney fee of $225 per hour multiplied by 3.5 hours expended in seeking the above discovery and in obtaining this Order, or $787.50, on or before **Friday, May 23, 2008**;

  3. In all other respects, Herskowitz's motion is **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant Banks's Motion is **GRANTED** in part and **DENIED** in part as follows:

  1. Defendant Banks's is **GRANTED** to the extent that it seeks an extension of the time within which to file dispositive motions, subject to the time limitation set forth in this Court's scheduling order and;

  2. Defendant Banks's is **DENIED** to the extent that it seeks an extension of the discovery period, subject to the parties continuing duty to supplement disclosures under Federal Rule of Civil Procedure 26(e) and the parties' duty to provide pretrial disclosures consistent with Federal Rule of Civil Procedure 26(a)(3).

         BY THE COURT:

         /s/ David R. Strawbridge
         DAVID R. STRAWBRIDGE
         UNITED STATES MAGISTRATE JUDGE