IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN SCHUTTER             :     CIVIL ACTION
                                   :
                  Plaintiff      :
                                   :
             v.               :     NO.  07-3823
                                   :
DAVID HERSKOWITZ and     : 
PHILIP BANKS              : 
                                   :
             Defendants   : 

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE                                 June 6, 2008
UNITED STATES MAGISTRATE JUDGE

**I.**      **Introduction**

Plaintiff Stephen Schutter (alternatively "Schutter" or "Plaintiff") brought this action against

Defendants David Herskowitz ("Herskowitz") and Philip Banks ("Banks").  The matter arose out

of a prospective purchase by Plaintiff of a youth hostel owned by Herskowitz and located at 32 South

Bank Street in Philadelphia.  Banks was engaged by Plaintiff to represent him in the purchase of the

property, the drafting of the Agreement of Sale (the "Agreement") and "such other professional

services as shall be necessary attendant to the above transaction." (*See, e.g.*, Doc. 61, Ex. E).  When

a dispute arose over whether the hostel was licensed for only 54 beds as opposed to the 70 that he

had thought were permitted, Schutter sought to withdraw from the Agreement.  Herskowitz did not

object and signed a Release prepared by Banks. (*See, e.g.,* Doc 61, Ex. H).  Banks, who as escrow

agent was holding Schutter's $100,000 deposit, however, refused to return it, asserting a lien for

services performed and not paid for.  This suit followed.

The complaint was originally filed in the United States District Court for the District of

Columbia but on July 5, 2007 was transferred to this District pursuant to 18 U.S.C. § 1404(a) and

(c). It was assigned to the Honorable Anita B. Brody.  On November 20, 2007, Banks filed an answer

to the complaint and a counter-claim asserting claims for services rendered, attorneys fees, libel and

slander, and punitive damages.  (Doc. 10).

On February 5, 2008, Plaintiff filed a motion to dismiss four of the five counts asserted in

Banks's counter-claim.  (Doc. 22).  Banks's response to this motion was due on February 22, 2008

under Local Civil Rule 7.1(c) (which requires response within 14 days) and Fed. R. Civ. P. 6(e)

(which extends the 14 days period by three days where service is by mail or electronic means).  On

March 12, 2008, upon advice that no response had been filed, Judge Brody informed the parties that

she considered the motion unopposed and would grant it on that basis.  (*See* Doc. 68 at 3; Doc. 72

at 2; Doc. 65).  Although Banks, on March 13, 2008 filed a quick response (Doc. 51), Judge Brody

entered her Order granting the motion and citing the lack of response as the dispositive factor on

March 18, 2008 (Doc. 62).  Banks then filed this "Motion to Vacate the Order of March, 18, 2008,

Dismissing Counts two, three, four and five of the Counterclaim" on March 25, 2008.  (Doc. 68).

Plaintiff filed a response to this motion on April 8, 2008.  (Doc. 72).  It is now ripe for review.[1]

## II.    Standard of Review

Banks does not address in his papers the question of the procedural or statutory basis for his

claim for relief.  Similarly, he does not address the standard of review.  Given that we are asked to

vacate a previous order of our same court (albeit by Judge Brody) in the same case, we believe that

the matter must be considered as a motion for reconsideration or reargument as provided for in Local

---

[1] On April 17, 2008, the parties consented to Magistrate Judge jurisdiction and the matter was transferred to this court.  (Doc. 75).  We accordingly acquired jurisdiction over all outstanding motions.

Civil Rule 7.1(g).

The Third Circuit has articulated in this regard that the party seeking reconsideration must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Jackson v. Rohm & Haas Co.*, No. 06-1540, 2007 U.S. App. LEXIS 4194 (3d Cir. Feb. 26, 2007) (motions for reconsideration granted only to "correct manifest errors of law or fact or to present newly discovered evidence") (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).   The motion must raise more than a party's mere disagreement with the court's initial decision, *see* Vaira, *Eastern District of Pennsylvania Federal Practice Rules, Comment 6b. on Rule 7.1* (Gann), at 88, and it "is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through -- rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).   Clearly we are not to substitute our independent judgment, but rather we are to reconsider Judge Brody's order of March 18, 2008 and determine whether there has been 1) a change in the law, 2) new evidence, 3) clear error of law or fact, or 4) manifest injustice.[2]   *Max's Seafood*, 176 F.3d at 677.   We do not believe Banks has met this difficult burden.

---

[2] Banks does not assert that he is entitled to relief based on this final ground. We note, however, that where a motion for reconsideration is predicated upon a need to correct a manifest injustice, "the party must persuade the court that not only was the prior decision wrong, 'but that it was clearly wrong and that adherence to the decision would create a manifest injustice.'" *Burns v. Slippery Rock Univ. of Pa.*, No. 06-318, 2007 U.S. Dist. LEXIS 63406, *3 (W.D. Pa. Aug. 28, 2007) (quoting *McCloud v. City of Sunbury*, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006 and citing *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)).   We do not see how Banks could satisfy this stringent burden even if he attempted to do so.

**III.    Discussion**

Defendant Banks notes that Judge Brody granted Plaintiff's motion to dismiss the counterclaim based solely upon his failure to respond.  The record supports this contention.  The Court's footnote order of March 18, 2008 reads simply: "The motion to dismiss is granted due to Defendant Banks' failure to respond to it." (Doc. 62).  Schutter argues that Judge Brody's action was permissible under Local Civil Rule 7.1(c), which provides that an opposing party has 14 days after a motion is filed to timely respond to the motion and that where no timely repsonse is filed, the motion *may* be granted by the court as uncontested.  (*See* Doc. 72 at 5-6). Specifically, the rule provides as follows:

> Rule 7.1. Motion Practice
> . . .
> (c) Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion.  Unless the parties have agreed upon a different schedule and such agreement is approved under Local Civil Rule 7.4 and is set forth in the motion, or unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief.  **In the absence of timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed.R.Civ.P. 56(c).**  The Court may require or permit further briefs if appropriate.

E.D. Pa. Civ. P. R. 7.1 (emphasis added).

Banks argues that caselaw precludes the enforcement of the plain language of Local Civil Rule 7.1(c) and, in turn, precludes the granting of a motion upon the sole basis of a failure to comply with the rule.  (See Doc. 68 at 3, ¶¶ 6 & 7).  He asserts that Judge Brody's order "is against the law"

and that a district court is required to first "notify the respondent with notice that unless the Motion is responded to it will be granted." (Doc. 68 at 3, ¶¶ 6 & 11).  We thus construe Banks to assert that he is entitled to relief in order "to correct a clear error of law."  *See Max's Seafood*, 176 F.3d at 677.

In support of this argument that Judge Brody's order "is against the law," Banks cites *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991) and *Landsman v. Gustin Stone Supply, Inc.*, No. 3:07-CV-00202, 2007 WL 1451513 (M.D. Pa. May 15, 2007). (Doc. 68 at 5).  Without quoting specific language, Banks characterizes the Third Circuit's opinion in *Stackhouse* as permitting a district court to enforce a local rule "only after the litigant has been given notice that his failure to respond will result in a decision made by default." (Doc. 68 at 5).  He further asserts that *Stackhouse* makes clear that "even if the litigant does not respond" after being so notified of the court's intent, "the court remains obligated to examine" the merits of that pleading.  (Doc. 68 at 5).

Although the *Stackhouse* court did indeed find improper the district court's granting of a motion for summary judgment due to the *pro se* litigant's lack of response, we believe that Banks overstates the extent of the court's holding.  Contrary to Banks's characterization of the court's holding in broad and unequivocal terms, the court in *Stackhouse* in fact stressed the limited scope of its holding:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked.  Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad.

951 F.2d at 30.

We cannot accept Banks's reading of the *Stackhouse* opinion, as it appears clear to us that the court expressly recognized that a Local Civil Rule may be properly invoked to treat a motion as unopposed, particularly where a party is represented by counsel. *Stackhouse* does not require a court to examine the merits of any motion to dismiss where an opposing party has failed to respond. Nor can we accept Bank's reading of the *Landsman* case from the Middle District, which Banks cites in support of his assertion that a Local Civil Rule may be enforced only after the litigant has been given notice that his failure to respond will result in a decision made by default. (Doc. 68 at 5). The *Landsman* court, rather, expressly recognized that "[t]he granting of an unopposed motion to dismiss is within the discretion of the court." 2007 WL 1451513 at *1.

Other caselaw in this district supports the application of the plain language of Local Civil Rule 7.1 and the exercise of the district court's discretion to grant as unopposed any motion to which an opposing party has failed to file a timely response. *See, e.g., Harron v. Cartwright*, No. 05-1538, 2006 U.S. Dist. LEXIS 9418, *1 (E.D. Pa. March 8, 2006) ("Plaintiff has not responded to either motion. The motion for judgment on the pleadings will therefore be granted as unopposed pursuant to Local Civil Rule 7.1(c)."); *Longendorfer v. Roth*, No. 04-0228, 2004 U.S. Dist. LEXIS 8709, *2 (E.D. Pa. Apr. 30, 2004) ("Plaintiff has not filed a response to Defendants' Motion, and the time for responding has passed. . . . Accordingly, the Court grants Defendants' Motion to Dismiss as uncontested pursuant to Local Civil Rule 7.1(c)."); *Fishman v. Monarch Life Ins. Co.*, No. 02-9006, 2003 U.S. Dist. LEXIS 7684, *2 (E.D. Pa. Apr. 28, 2004) ("I am treating the motion to reconsider as being uncontested since defense counsel, despite having been served on April 1, 2003 with plaintiff's motion, has filed no response."); *Smith v. Resorts*, No. 99-2685, 1999 U.S. Dist. LEXIS 17614, *9-10 (E.D. Pa. Nov. 10, 1999) ("As Plaintiff did not file any response, timely or untimely,

to Defendants' motions to dismiss, pursuant to Local Civil Rule 7.1(c), the Court grants said motions as uncontested."); *see also* Vaira, *E.D.PA. Federal Practice Rules, Comment 3c. on Rule 7.1* at 67-68 (citing to "numerous examples where the court has cited the failure to respond as the determinative factor in granting the motion").

Most tellingly, the Third Circuit, rather than prohibiting the exercise of such discretion, as Banks suggests, in fact assumes that the district court will uphold the time requirement set out in a local rule and that it will depart from the requirement only where it has a sound reason for doing so and where the departure will not cause unfair prejudice to the other party.  In *United States v. Eleven Vehicles*, 200 F.3d 203, 214-15 (3d Cir. 2000), the court expressly recognized the clear language contained in Local Civil Rule 7.1(c) regarding the 14 day time-period in which to file a response and the permissive language that a court "may" grant the motion as unopposed, holding that a district court may only "depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment."  *Id.*  The court thus remanded the case for an explicit explanation from the district court as to why it had excused the timeliness requirement of Local Civil Rule 7.1(c).  *Id.* Here, Judge Brody was not departing from, but was rather following the direction of the local rule.

Banks also asserts that "a dispositive motion may not be granted merely because it is unopposed."  (Doc. 68 at 6).  Banks misconstrues the clear language of Local Civil Rule 7.1, which does not except all dispositive motions but rather excepts only motions for summary judgment from the scope of its allowance to the district court to grant motions as unopposed where a timely response is not filed.  No exception is made as to any other motion, *see Dipaolo v. Moran*, 277 F. Supp. 2d 528, 531 n.4 (E.D. Pa. 2003), and courts within our district on numerous occasions have granted

7

dispositive motions as unopposed. *See, e.g., Harron*, 2006 U.S. Dist. LEXIS 9418 at *1 (granting two "Motion[s] for Partial Judgment on the Pleadings" as unopposed pursuant to Local Civil Rule 7.1(c)); *Longendorfer*, 2004 U.S. Dist. LEXIS 8709 at *2 (granting motion "to dismiss Plaintiff's Amended Complaint with prejudice" as uncontested pursuant to Local Civil Rule 7.1(c)); *Stevens v. Citigroup, Inc.*, No. 00-3815, 2000 U.S. Dist. LEXIS 18201, *15 n.5 (E.D. Pa. Dec. 15, 2000) (granting motion to dismiss parties from the case as uncontested pursuant to Local Civil Rule 7.1(c)); *Smith*, 1999 U.S. Dist. LEXIS 17614 at *9-10 (Defendants' "motions to dismiss Plaintiff's Amended Complaint" granted as uncontested pursuant to Local Civil Rule 7.1(c)); *Glaziers and Glassworkers v. Newbridge Securities Inc.*, No. 90-CV-8101, 1995 U.S. Dist. LEXIS 1204, *3 & n.1 (E.D. Pa. Jan. 30, 1995) (motion seeking dismissal of certain cross-claims granted as uncontested).  Indeed, the Third Circuit has expressly concluded that "it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule." *Eleven Vehicles*, 200 F.3d at 214 (citing *Smith v. Oelenschlager*, 845 F.2d 1182, 1184-85 (3d Cir. 1988)).  Thus we are unable to conclude that Judge Brody's order constituted an error of law, let alone a "clear error of law" as would be required to provide relief under the Local Civil Rule 7.1(g) motion for reconsideration standard.

Banks also asserts that he did, in fact, file a response to the motion to dismiss.  (Doc. 68 at 3, ¶ 9).  Specifically, Banks asserts that "Counsel for Philip Banks prepared and filed a response to the Motion seeking to Strike Counts Two, Three, four and five [sic] of the Counterclaim before the Order was entered upon the record and therefore the Motion was no [sic] 'unopposed'."  (Doc. 68 at 3, ¶ 9).  A review of the docket confirms that Banks did file a response, but it was filed on March 13, 2008, 37 days after the motion had been filed, 20 days after a response was due, and only after

8

Judge Brody already had informed him that the motion would be granted.  (See Doc. 51).  This late submission is therefore not relevant to our consideration, in that a district court is free to disregard any untimely response under the plain language of Local Civil Rule 7.1(c), s*ee Wright v. Montgomery County*, No. 96-4597, 1999 U.S. Dist. LEXIS 900, *10 (E.D. Pa. Jan. 26 1999), and there is no doubt but that Banks's response was indeed untimely.[3]

In short, Banks has provided us with nothing in the way of legal or factual argument to persuade us either that Judge Brody improperly exercised her discretion to grant the motion to dismiss his counterclaims as unopposed or that we should vacate her decision to exercise that discretion.

An appropriate order follows.

---

[3] We note that Banks also argues that the granting of Plaintiff's motion results in a waste of judicial, and Banks's own, resources.  Specifically, he states:

> The Granting of the Motion is of little affect since the statute has not begun to run, and Philip Banks may file another action seeking counsel fees absent the involvement in this case.  The granting of this Motion results in a waste of judicial and the litigant's time [sic].

(Doc. 68 at 3, ¶ 10).  We question the applicability of this proposition to a proper consideration of this motion under Local Civil Rule 7.1(g), which only allows relief in three narrow instances. *See Max's Seafood*, 176 F.3d at 677.  We also observe that if Banks is correct (and on this we express no opinion), it would certainly undercut any argument that he might have suffered "manifest injustice" as a result of Judge Brody's Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN SCHUTTER          :      CIVIL ACTION
                                :
              Plaintiff       :
                                  :
           v.                :      NO.  07-3823
                                  :
DAVID HERSKOWITZ and       :
PHILIP BANKS                 :
                                  :
              Defendants    :

## <u>ORDER</u>

AND NOW, this   6th   day of June, 2008, upon consideration of Defendant Philip Banks's "Motion to Vacate the Order of March, 18, 2008, Dismissing Counts two, three, four and five of the Counterclaim" dated March 25, 2008 (Doc. 68) and Plaintiff Stephen Schutter's response thereto (Doc. 72), **IT IS HEREBY ORDERED THAT** Defendant Banks's motion is **DENIED**.

BY THE COURT:

 /s/ David R. Strawbridge      
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE