IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN SCHUTTER | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-3823 |
| | : | |
| DAVID HERSKOWITZ | : | |
| PHILIP BANKS | : | |
| | : | |
| Defendants | : | |

## O R D E R

Defendant Philip Banks has filed a Motion which he has styled "Motion for Rule 11 Sanctions against the David Herskowitz and Stephen Schutter and Jay Herskowitz, Equire and Kelle A. [Kilgarriff], Esquire and Motion to Disqualify Jay Herskowitz,  Kelle A. [Kilgarriff], Esquire, Charles Curley, Esquire and James Loots, Esquire from Further Participation in this Case and Motion to Refer the Actions of Jay Herskowitz, Esquire, Kelle  A. [Kilgarriff], Esquire and James Loots to the Pennsylvania Disciplinary Board and the Disciplinary Committee of the United States Federal District Court for the Eastern District of Pennsylvania and Further to Refer the Actions of Jay Herskowitz, Esquire to the Disciplinary Board of the New Jersey Supreme Court and All Other Courts to Which He Claims Admission" (Doc. 95) (the "Rule 11 Motion").

Plaintiff Stephen Schutter has responded to the Rule 11 Motion by filing a Motion to Strike the Rule 11 Motion (Doc. 98) (the "Motion to Strike").  Banks has not filed any response to this motion.

Defendant David Herskowitz has filed "Herskowitz's Response in Opposition to Banks' Motion for Sanctions Under Rule 11" (Doc. 120) (the "Herskowitz Response").  In that response, Herskowitz has adopted the position asserted by Schutter in the Motion to Strike.

Upon consideration of the Rule 11 Motion, the Motion to Strike and the Herskowitz Response (Doc. 120) with its adoption of the Motion to Strike and noting Banks' failure to respond, the Motion to Strike (Doc. 98) is **GRANTED** and the Rule 11 Motion (Doc. 95) is **STRICKEN.**[1]

BY THE COURT:

 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

Dated:  June 27, 2008

---

[1] In the Motion to Strike, Schutter correctly points out that a motion for sanctions made pursuant to Rule 11 "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).  Banks has not responded to this motion and has not affirmatively asserted in his Rule 11 Motion that he complied with this provision.  We conclude that this provision was not complied with and for that reason alone it must be stricken.  Further, the Rule 11 Motion itself is not signed and this omission has not been corrected despite it having been called to the attention of Banks and his attorney by virtue of the filing and service of the Motion to Strike on June 6, 2008.  Accordingly, and pursuant to Rule 11(a), the Court must strike the Rule 11 Motion.  Further, pursuant to our Local Rule of Civil Procedure 7.1(a), "[e]very motion shall be accompanied by a form of order which, if approved by the Court, would grant the relief sought by the motion."  The Rule 11 Motion fails to attach such a form of order.